

## Akin Gump
STRAUSS HAUER & FELD LLP

CONNOR MULLIN
+1 202.887.4493/fax: +1 202.887.4288
cmullin@akingump.com

September 21, 2016

**VIA ELECTRONIC CASE FILING**

Hon. Marvin J. Garbis
Senior U.S. District Judge
U.S. Courthouse – Chambers 5C
101 W. Lombard Street
Baltimore, MD 21201

  Re: *United States v. Republic National Distributing Company, LLC et al.*
    Case No. 16-cr-00258-MJG

Dear Judge Garbis:

  We are writing in response to the government's letter of yesterday's date which purports to "clarify" two matters that were addressed at the hearing in this case on September 9, 2016.

  On August 1, 2016, Republic National Distributing Company ("Republic") filed a motion to dismiss the indictment, relying in part on a theory of vindictive prosecution of the Company for exercising its legal rights. Republic stated in its supporting brief, "To the knowledge of Republic, at no time has the [uncharged] Second Wholesaler sought relief under Rule 41(g) or any other legal mechanism to recover the assets seized by the government pursuant to the same warrant."

  On September 13, 2016, we received a letter from the Second Wholesaler that was prepared at the request of AUSA Richard Kay, stating that (1) on August 17, 2016, the government and the Second Wholesaler entered into a tolling agreement, and (2) on August 26, 2016, the government obtained an Order authorizing the release of the remainder of the Second Wholesaler's seized funds. That Order was not disclosed to the Second Wholesaler, however, until August 30, 2016 – the same day that Republic filed its reply brief. Both of these steps were taken by the government *after* Republic filed its August 1, 2016 motion to dismiss, exposing these examples of selective and disparate treatment of Republic versus the Second Wholesaler. What is more, the government lawyers were silent on both of these matters throughout the September 9 hearing.

  The government's suggestion that Republic misrepresented these circumstances is false and an obvious effort to "backfill" the record. On August 25, 2016, a lawyer for the Second Wholesaler specifically authorized Republic's counsel to represent to the Court that his client was "still unable to access $5 million in seized assets." On August 30, 2016, Republic stated in its reply brief that "[t]he Second Wholesaler, on the other hand, did not exercise its rights to seek


**Akin Gump**
STRAUSS HAUER & FELD LLP

Hon. Marvin J. Garbis
September 21, 2016
Page 2

recovery of its assets and still does not have access to millions of dollars seized by the government."

The government only sought a tolling agreement from the Second Wholesaler some two weeks after Republic articulated the evidence of selective and vindictive prosecution in its motion to dismiss on August 1, 2016. Likewise, the government only released the Second Wholesaler's sequestered funds nearly four weeks after Republic raised this issue in its motion to dismiss – and nearly a year after U.S. District Judge Bennett ordered the release of the remaining $5 million that had been unlawfully seized from Republic by the government.

The government's *post hoc* attempts to "create facts" and to similarly situate the two companies – after Republic filed its brief and obtained confirmation from the Second Wholesaler's counsel – only serves to reinforce Republic's claim of vindictive prosecution in this case.

Respectfully submitted,

Mark J. MacDougall
W. Randolph Teslik
Catherine E. Creely
Connor Mullin
Karen D. Williams

cc: Richard C. Kay, Assistant U.S. Attorney
Tamera L. Fine, Assistant U.S. Attorney